IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STURGEON, et al., : | |
|             Plaintiff, : | |
| v. : | CIVIL ACTION NO. 15-6829 |
| : | |
| PHARMERICA CORP., : | |
|             Defendant. : | |

## ORDER

On December 28, 2015, Relators initiated this False Claims Act action against PharMerica Corporation. On October 30, 2018, Relators' attorney, Michael Mustokoff, informed Relators that the United States declined to intervene in the action, and on December 6, 2018, Mr. Mustokoff filed a notice of voluntary dismissal on behalf of Relators, to which the United States consented. On January 14, 2019, Relators moved to vacate this notice of voluntary dismissal, asserting that they did not have knowledge of, or consent to, the dismissal of their case.

Relators admit that they were informed that Mr. Mustokoff's firm would no longer represent them after the United States declined to intervene, pursuant to the terms of their engagement.[1] They contend, however, that Mr. Mustokoff never informed them that he would file a notice of voluntary dismissal and, in fact, at the time of dismissal, they were in the process of seeking replacement counsel to continue pursuing their false claims act action. Unlike the firm's withdrawal from representation, this voluntary dismissal of the action was neither contemplated in the engagement letter nor discussed with any of the four Relators.

This Court directed interested parties to respond to Relators' motion, and PharMerica subsequently filed a response in opposition. On March 22, 2019, a hearing was held on Relators'

---

[1] Regardless of whether all Relators received the October 30, 2018 letter from Mr. Mustokoff regarding his firm's policy of not pursuing false claims complaints following a declination by the government, Relators admit in their affidavits that they were so advised on or around October 30, 2018.

motion with all parties and counsel in attendance (including former counsel for Relators and counsel from the Department of Justice), at which evidence was presented through the testimony of the four Relators and Mr. Mustokoff.

Relators presented a November 20, 2018 letter from Mr. Mustokoff addressed to each of them, that stated it was the firm's "intention to file a Motion to Dismiss Without Prejudice on the chance that [Relators] might select private counsel willing to prosecute Pharmerica." The Relators each testified that they did not receive this letter, never discussed the potential dismissal of their case with Mr. Mustokoff, and that they first learned that their case was dismissed from their current counsel. Relators also presented an email that Relator Anthony Sciole sent Mr. Mustokoff on November 27, 2018, after learning that the government declined to intervene, in which Mr. Sciole asserted that he was "disappointed" by this news, and requested that Mr. Mustokoff send him the case documents so that another firm could "review the file for the purposes of evaluating whether or not it would be beneficial to pursue [this action] further."

Mr. Mustokoff testified that he filed the notice of voluntary dismissal because he understood that, otherwise, the United States would issue a notice of declination, and Mr. Mustokoff believed this would adversely affect Relators' case should they decide to pursue it further. Mr. Mustokoff also asserted that he believed Relator Lena Sturgeon, with whom he primarily communicated, understood his intention.

Upon consideration of Relators' motion, the response and reply thereto, and the evidence and testimony presented at the hearing, the motion for relief under Rule 60 will be granted. Under Rule 60(b)(1) and (6), the Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Rule 60(b) is construed liberally, and district courts have a large measure of discretion in deciding

whether to grant or deny a 60(b) motion.[2] The law favors determination of controversies on the merits.[3] Thus, where the Court has not addressed the merits of the movant's claim, such as here, a more sympathetic hearing is warranted.[4] Circumstances courts consider when deciding whether to grant relief based on "excusable neglect" include the danger of prejudice to the non-movant, the length of the delay, the reason for the delay, including whether it was in the movant's control, and whether the movant acted in good faith.[5]

Here, there appears to have been, at the very least, a failure to communicate with Relators regarding the filing of a notice of voluntary dismissal. Relators acted promptly, filing the present motion about one month after the dismissal. Moreover, regardless of whether Relators received the letter informing them of Mr. Mustokoff's intention to dismiss the case without prejudice, no Relator agreed to dismissal of their case. PharMerica has not been served with a complaint in this case, and no prejudice to the corporation has been shown. Additionally, as the dismissal was without prejudice, renewal of the litigation was plainly contemplated, and relators have acted diligently to maintain the case and pursue their claims. Therefore, Relators' motion will be granted, and the case re-opened.

**AND NOW,** this 1st day of April 2019, upon consideration of Relators' Motion for Relief Under Rule 60B [Doc. No. 25], the response and reply thereto, and the evidence and testimony presented at the March 22, 2019 hearing, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED;**

2. The Notice of Voluntary Dismissal [Doc. No. 21] and this Court's Order dated December 7, 2018 [Doc. No. 23] are **VACATED**;

---

[2] *Lasky v. Continental Prods. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986).
[3] *Feliciano v. Reliant Tooling Co., Ltd.,* 691 F.2d 653, 656 (3d Cir.1982).
[4] *See Scott v. EPA*, 185 F.R.D. 202, 206 (E.D. Pa. 1999).
[5] *Nara v. Frank*, 488 F.3d 187, 193–94 (3d Cir. 2007) (citation omitted).

3. The Clerk of Court shall **REOPEN** the case; and

4. Service of the complaint must be made on any and all Defendants within 60 days of the date of this Order.

It is so **ORDERED**.

                                              **BY THE COURT:**

                                              **/s/ Cynthia M. Rufe**

                                              _____
                                              **CYNTHIA M. RUFE, J.**