## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, STATE OF
CALIFORNIA, STATE OF COLORADO, STATE
OF CONNECTICUT, STATE OF DELAWARE,
STATE OF FLORIDA, STATE OF GEORGIA,
STATE OF HAWAII, STATE OF ILLINOIS,
STATE OF INDIANA, STATE OF IOWA, STATE
OF LOUISIANA, STATE OF MARYLAND,
COMMONWEALTH OF MASSACHUSETTS,
STATE OF MICHIGAN, STATE OF MINNESOTA,
STATE OF MONTANA, STATE OF NEVADA,
STATE OF NEW HAMPSHIRE, STATE OF NEW
JERSEY, STATE OF NEW MEXICO, STATE OF
NORTH CAROLINA, STATE OF OKLAHOMA,
STATE OF RHODE ISLAND, STATE OF
TENNESSEE, STATE OF TEXAS,
COMMONWEALTH OF VIRGINIA, STATE OF
WASHINGTON, *ex rel.* LENA STURGEON,
ANTHONY FERRANTE ANTHONY SCIOLE
AND NATHAN NILES,

                    v.

PHARMERICA CORPORATION,

                    Defendant.

Civil Action No.: 15-6829-CMR

## ANSWER OF PHARMERICA CORPORATION TO
## RELATORS' FIRST AMENDED COMPLAINT

In response to the allegations in the First Amended Complaint ("FAC") of the relators,

Lena Sturgeon, Anthony Ferrante, Anthony Sciole and Nathan Niles (collectively "Relators"),

the defendant PharMerica Corporation ("PharMerica") answers as follows:

On February 5, 2020, the Court, in its Order on PharMerica's motion to dismiss the FAC

(*see* Docket No. 87) (the "Dismissal Order"), dismissed Relators' claims under the reverse false

claims provision (Count III). As such, the allegations in Count III of Relators' FAC are no

longer operative in this action and no response is required to such allegations. To the extent that

any response is required, PharMerica generally denies each and every allegation in paragraphs

176-179 of the FAC and otherwise provides specific responses to the remaining allegations as follows:

## **INTRODUCTION**

1.      States that the allegations set forth in paragraph 1 of the FAC constitute an introductory summary of Relators' purported causes of action and prayers for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 1 of the FAC.

2.      Admits that PharMerica is the second largest nationwide distributor of pharmaceuticals for nursing homes in the United States.  PharMerica otherwise denies the allegations set forth in paragraph 2 of the FAC.

3.      Denies the allegations set forth in paragraph 3 of the FAC.

4.      States that it is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the FAC.  To the extent a further response is deemed necessary, PharMerica denies the allegations set forth in paragraph 4 of the FAC.

5.      Denies the allegations set forth in paragraph 5 of the FAC.

6.      Denies the allegations set forth in paragraph 6 of the FAC.

7.      Denies the allegations set forth in paragraph 7 of the FAC.

8.      Denies the allegations set forth in paragraph 8 of the FAC.

9.      Denies the allegations set forth in paragraph 9 of the FAC.

10.      Denies the allegations set forth in paragraph 10 of the FAC.

11.      Denies the allegations set forth in paragraph 11 of the FAC.

12.      Denies the allegations set forth in paragraph 12 of the FAC.

13.      Admits that PharMerica entered into a Corporate Integrity Agreement ("CIA") and a Memorandum of Agreement ("MOA"), which speak for themselves and to which no

response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of those documents.  To the extent that any additional response is required, PharMerica denies the allegations set forth in paragraph 13 of the FAC.

14.     Denies the allegations set forth in paragraph 14 of the FAC.

15.     Admits that Sturgeon resigned and that PharMerica entered into the CIA and MOA.  PharMerica otherwise denies the allegations set forth in paragraph 15 of the FAC.

16.     States that it is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the FAC insofar as they relate to what Sturgeon allegedly did or learned after terminating her employment with PharMerica.  To the extent a further response is deemed necessary, PharMerica denies the allegations set forth in paragraph 16 of the FAC.

17.     Denies the allegations set forth in paragraph 17 of the FAC.

18.     Denies the allegations set forth in paragraph 18 of the FAC.

19.     Denies the allegations set forth paragraph 19 of the FAC.

**<u>JURISDICTION AND VENUE</u>**

20.     States that the allegations set forth in paragraph 20 of the FAC are conclusions of law to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 20 of the FAC.

21.     States that the allegations set forth in paragraph 21 of the FAC are conclusions of law to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 21 of the FAC.

22.     States that the allegations set forth in paragraph 22 of the FAC are conclusions of law to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 22 of the FAC.

23.     Denies that there are only five PharMerica pharmacies in the Commonwealth of Pennsylvania.  PharMerica admits that the five following pharmacies are in Pennsylvania:  (a) 489 Shoemaker Road, #106, King of Prussia, PA; (b) 4000 Hempfield Plaza Blvd., #966, Greensburg, PA; (c) 153 Stewart Road, Wilkes Barre, PA; (d) 491-A Blue Eagle Avenue, Harrisburg, PA; and (e) 175 Snyder Road, Hermitage, PA.

24.     Admits the allegations set forth in paragraph 24 of the FAC.

25.     States that the allegations set forth in paragraph 25 of the FAC are summaries of certain statutes and conclusions of law to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 25 of the FAC.

## PARTIES

26.     Admits the allegations set forth in the first sentence of paragraph 26 of the FAC. PharMerica states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences of paragraph 26 of the FAC. To the extent a further response is deemed necessary, PharMerica denies the allegations set forth in the second and third sentences of paragraph 26 of the FAC.

27.     States that it is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the FAC.  To the extent a further response is deemed necessary, PharMerica denies the allegations set forth in paragraph 27 of the FAC.

28.     States that it is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the FAC.  To the extent a further response is deemed necessary, PharMerica denies the allegations set forth in paragraph 28 of the FAC.

29.     Admits that PharMerica acquired Millennium in September 2014 and that Sturgeon was named Executive Vice President of PharMerica, otherwise denies the allegations set forth in paragraph 29 of the FAC.

30.     Admits that Sturgeon may have had the opportunity to review customer billings, but otherwise denies the allegations set forth in paragraph 30 of the FAC.

31.     Admits that Sturgeon left PharMerica in May 2015, but otherwise denies the allegations in paragraph 31 of the FAC.

32.     Denies the allegations set forth in paragraph 32 of the FAC.

33.     Admits the allegations in the first and third sentences of paragraph 33 of the FAC. PharMerica states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 33 of the FAC.  To the extent a further response is deemed necessary, PharMerica denies the allegations set forth in the third sentence of paragraph 33 of the FAC.  PharMerica admits that Reliant's nursing homes were customers of PharMerica from October 2013 through 2016.  PharMerica otherwise denies the allegations set forth in the fourth sentence of paragraph 33 of the FAC.

34.     Denies the allegations set forth in paragraph 34 of the FAC.

35.     Denies the allegations set forth in the first sentence of paragraph 35 of the FAC. PharMerica states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 35 of the FAC.  To the extent a further response is deemed necessary, PharMerica denies the allegations set forth in the second sentence of paragraph 35 of the FAC.

36.     Admits the allegations set forth in paragraph 36 of the FAC.

## FACTUAL BACKGROUND

37.     States that the allegations set forth in paragraph 37 of the FAC are a characterization of a uncited document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

38.     Admits the allegations set forth in paragraph 38 of the FAC.

39.     States that the allegations set forth in paragraph 39 of the FAC appear to be a characterization of a uncited document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

40.     States that the allegations set forth in paragraph 40 of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

41.     States that the allegations set forth in paragraph 41 of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

42.     States that the allegations set forth in paragraph 42 of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

43.     Admits that PharMerica considers rebates to represent product discounts. PharMerica otherwise denies the remaining allegations set forth in paragraph 43 of the FAC.

44.     Denies the allegations set forth in paragraph 44 of the FAC.

45.     Admits that it dispenses and then bills for medications prescribed by physicians for residents of nursing homes.  PharMerica otherwise denies the allegations in paragraph 45 of the FAC.

#74346513_v6

46.     Admits that PCC is a widely used electronic medication administration record platform.  PharMerica otherwise denies that allegations in paragraph 46 of the FAC.

47.     States that the allegations set forth in paragraph 47 of the FAC appear to be characterizations of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.  To the extent that a further response is deemed necessary, PharMerica denies the allegations set forth in paragraph 47 of the FAC.

48.     Admits that orders are received through PCC for some customers and that order entry technicians facilitate the process of entering orders into the LTC400.  PharMerica otherwise denies the remaining allegations of paragraph 48 of the FAC.

49.     Denies the allegations set forth in paragraph 49 of the FAC.

50.     States that the allegations set forth in paragraph 50 of the FAC are conclusions of law to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 50 of the FAC.

51.     States that the allegations set forth in paragraph 51 of the FAC are conclusions of law to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 51 of the FAC.

52.     States that the allegations set forth in paragraph 52 of the FAC are conclusions of law to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 52 of the FAC.

53.     Denies the allegations set forth in paragraph 53 of the FAC.

54.     Denies the allegations set forth in paragraph 54 of the FAC.

55.     Denies the allegations set forth in paragraph 55 of the FAC.

#74346513_v6

56.     Denies the allegations set forth in paragraph 56 of the FAC.

57.     Denies the allegations set forth in paragraph 57 of the FAC.

58.     States that the allegations set forth in paragraph 58 of the FAC are conclusions of law to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 58 of the FAC.

59.     Denies the allegations set forth in paragraph 59 of the FAC.

60.     Denies the allegations set forth in paragraph 60 of the FAC.

61.     Denies the allegations set forth in paragraph 61 of the FAC.

62.     Denies the allegations set forth in paragraph 62 of the FAC.

63.     States that the allegations set forth in paragraph 63 of the FAC are conclusions of law to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 63 of the FAC.

64.     Denies the allegations set forth in paragraph 64 of the FAC.

65.     Denies the allegations set forth in paragraph 65 of the FAC.

66.     States that the allegations set forth in paragraph 66 of the FAC appear to be characterizations of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

67.     Denies the allegations set forth in the first sentence of paragraph 67 of the FAC.  PharMerica states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 67 of the FAC.  To the extent a further response is deemed necessary, PharMerica denies the allegations set forth in the second sentence of paragraph 67 of the FAC.

68.     Denies the allegations set forth in paragraph 68 of the FAC.

69.     Denies the allegations set forth in paragraph 69 of the FAC.

70.     Admits that Sturgeon communicated with Lindemoen in 2014.  PharMerica denies the remaining allegations set forth in paragraph 70 of the FAC.

71.     States that the allegations set forth in paragraph 71 of the FAC quote a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.  Further answering, PharMerica denies the remaining allegations contained in paragraph 71 of the FAC.

72.     Admits that Sturgeon took a medical leave, but denies the remaining allegations contained in paragraph 72 of the FAC.

73.     Denies the allegations set forth in paragraph 73 of the FAC.

74.     Denies the allegations set forth in paragraph 74 of the FAC.

75.     Denies the allegations set forth in paragraph 75 of the FAC.

76.     Denies the allegations set forth in paragraph 76 of the FAC.

77.     Denies the allegations set forth in paragraph 77 of the FAC

78.     Denies the allegations set forth in paragraph 78 of the FAC.

79.     Denies the allegations set forth in paragraph 79 of the FAC.

80.     States that the allegations set forth in paragraph 80 of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

#74346513_v6

81. Admits that Sturgeon met with Suresh and admits that PharMerica was sold in or around December 2018. PharMerica otherwise denies the allegations set forth in paragraph 81 of the FAC.

82. Denies the allegations set forth in paragraph 82 of the FAC.

83. Denies the allegations set forth in paragraph 83 of the FAC.

84. Denies the allegations set forth in paragraph 84 of the FAC.

85. States that the allegations set forth in paragraph 85 of the FAC are a characterization of a document which speaks for itself and to which no response is required. PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document. Answering further, PharMerica states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations regarding Sturgeon's feelings and therefore denies the allegations.

86. States that the allegations set forth in paragraph 86 of the FAC are a characterization of a document which speaks for itself and to which no response is required. PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

(a) States that the allegations set forth in paragraph 86(a) of the FAC are a characterization of a document which speaks for itself and to which no response is required. PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

(b) States that the allegations set forth in paragraph 86(b) of the FAC are a characterization of a document which speaks for itself and to which no response is

10

required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

(c)     States that the allegations set forth in paragraph 86(c) of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

(d)     States that the allegations set forth in paragraph 86(d) of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

(e)     States that the allegations set forth in paragraph 86(e) of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

(f)     States that the allegations set forth in paragraph 86(f) of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

87.     States that the allegations set forth in paragraph 87 of the FAC are characterizations of documents which speak for themselves and to which no response is required.  PharMerica denies the allegations set forth in paragraph 87 to the extent they differ from the contents of those documents.

#74346513_v6

88.     Admits that Sturgeon resigned on May 11, 2015.  PharMerica states that the remaining allegations set forth in paragraph 88 of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations set forth in paragraph 88 to the extent they differ from the content of that document.

89.     Denies the allegations set forth in paragraph 89 of the FAC.

90.     States that the allegations set forth in paragraph 90 of the FAC are conclusions of law to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 90 of the FAC.

91.     Denies the allegations set forth in paragraph 91 of the FAC.

        (a)     Denies the allegations set forth in paragraph 91(a) of the FAC.

        (b)     Denies the allegations set forth in paragraph 91(b) of the FAC.

92.     Denies the allegations set forth in paragraph 92 of the FAC.

93.     Admits that PharMerica entered into a CIA with HHS-OIG and into a MOA with DEA.  PharMerica otherwise denies the allegations set forth in paragraph 93 of the FAC.

94.     States that the allegations set forth in paragraph 94 of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

95.     States that the allegations set forth in the first sentence of paragraph 95 of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of the first sentence of this paragraph to the extent they differ from the content of that document.  Answering further, PharMerica admits that Steve Lariviere was appointed as Chief Compliance Officer in or around April 2015; that he replaced

Thomas Caneris in that role; and that Thomas Caneris remained general counsel of PharMerica. PharMerica otherwise denies the allegations in paragraph 95 of the FAC.

96.     States that the allegations set forth in paragraph 96 of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of this paragraph to the extent they differ from the content of that document.

97.     States that the allegations set forth in the first and second sentences of paragraph 97 of the FAC are a characterization of a document which speaks for itself and to which no response is required.  PharMerica denies the allegations of the first and second sentences in the paragraph to the extent they differ from the content of that document.  PharMerica states that the allegations set forth in the third sentence of paragraph 97 of the FAC are characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in the third sentence of paragraph 97 of the FAC.

98.     Admits that Lindemoen and Suresh were aware of the CIA and of the MOA. PharMerica otherwise denies the remaining allegations set forth in paragraph 98 of the FAC.

99.     Admits that PharMerica's executives understood the importance of the CIA and MOA.  PharMerica states that the allegations set forth in the second sentence of paragraph 99 of the FAC are a characterization of documents which speak for themselves and to which no response is required.  PharMerica denies the allegations of the second sentence in the paragraph to the extent it differs from the content of those documents.

100.     States that it is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the FAC.  To the extent a further

13

response is deemed necessary, PharMerica denies the allegations set forth in paragraph 100 of the FAC.

101.   Denies the allegations set forth in paragraph 101 of the FAC.

102.   Denies the allegations set forth in paragraph 102 of the FAC.

103.   Denies the allegations set forth in paragraph 103 of the FAC.

104.   Denies the allegations set forth in paragraph 104 of the FAC.

105.   Denies the allegations set forth in paragraph 105 of the FAC.

106.   Denies the allegations set forth in paragraph 106 of the FAC.

107.   Denies the allegations set forth in paragraph 107 of the FAC.

108.   Denies the allegations set forth in paragraph 108 of the FAC and all of its subsections (a)-(c).

109.   Denies the allegations set forth in the first sentence of paragraph 109 of the FAC. Answering further, PharMerica denies that it submits bills to Medicare.  Answering further, PharMerica states that PharMerica dispenses brand name drugs in lieu of available generics in a variety of circumstances, for instance, when the prescribing physician orders it, when required by law, or when the beneficiary's insurance plan requires it for payment.  PharMerica otherwise denies the allegations set forth in the second sentence of paragraph 109 of the FAC, including the implied assertion that the dispense of a brand in lieu of a generic was illegal or inappropriate or that the submission of claims for such dispenses violated the Federal False Claims Act.

110.   Denies the allegations set forth in paragraph 110 of the FAC.

111.   Denies the allegations set forth in paragraph 111 of the FAC.

112.   Denies the allegations set forth in paragraph 112 of the FAC.

113.   Denies the allegations set forth in paragraph 113 of the FAC.

114.    Denies the allegations set forth in paragraph 114 of the FAC.

115.    Denies the allegations set forth in paragraph 115 of the FAC.

116.    Denies the allegations set forth in paragraph 116 of the FAC.

117.    Denies the allegations set forth in paragraph 117 of the FAC.

118.    Denies the allegations set forth in paragraph 118 of the FAC.

119.    Denies the allegations set forth in paragraph 119 of the FAC.

120.    Denies the allegations set forth in paragraph 120 of the FAC.

121.    Denies the allegations set forth in paragraph 121 of the FAC.

122.    Denies the allegations set forth in paragraph 122 of the FAC.

123.    Denies the allegations set forth in paragraph 123 of the FAC.

124.    Denies the allegations set forth in paragraph 124 of the FAC.

125.    Denies the allegations set forth in paragraph 125 of the FAC.

126.    Denies the allegations set forth in paragraph 126 of the FAC.

127.    Denies the allegations set forth in paragraph 127 of the FAC.

128.    States that it is presently without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the FAC.  To the extent a further response is deemed necessary, PharMerica denies the allegations set forth in paragraph 128 of the FAC.

129.    Denies the allegations set forth in paragraph 129 of the FAC.

130.    Denies the allegations set forth in paragraph 130 of the FAC.

131.    Denies the allegations set forth in paragraph 131 of the FAC.

#74346513_v6

132. States that the allegations set forth in paragraph 132 of the FAC are legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 132 of the FAC.

133. Admits that PharMerica operates nationwide, but denies the remaining allegations set forth in paragraph 133 of the FAC.

134. States that the allegations set forth in paragraph 134 of the FAC are conclusions of law to which no response is required. To the extent a further response is deemed necessary, PharMerica denies the allegations set forth in paragraph 134 of the FAC.

135. States that the allegations set forth in paragraph 135 of the FAC are conclusions of law to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 135 of the FAC.

136. States that the allegations set forth in paragraph 136 of the FAC constitute an introductory summary of Relators' purported causes of action and prayers for relief to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 136 of the FAC.

137. States that the allegations set forth in paragraph 137 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 137 of the FAC.

138. States that the allegations set forth in paragraph 138 of the FAC are characterizations of documents which speak for themselves and to which no response is required. PharMerica denies the allegations of this paragraph to the extent they differ from the contents of those documents.

#74346513_v6

139.    States that the allegations set forth in paragraph 139 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 139 of the FAC.

(a)    States that the allegations set forth in paragraph 139(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 139(a) of the FAC.

(b)    States that the allegations set forth in paragraph 139(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 139(b) of the FAC.

(c)    States that the allegations set forth in paragraph 139(c) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 139(c) of the FAC.

140.    States that the allegations set forth in paragraph 140 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 140 of the FAC.

141.    States that the allegations set forth in paragraph 141 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 141 of the FAC.

#74346513_v6

142. States that the allegations set forth in paragraph 142 of the FAC are summaries of certain statutes to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 142 of the FAC.

143. States that the allegations set forth in paragraph 143 of the FAC are summaries of certain statutes, and regulations, and are legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 143 of the FAC.

144. PharMerica states that the allegations set forth in paragraph 144 of the FAC are a characterization of documents which speak for themselves and to which no response is required or they are summaries of certain statutes, and regulations, and are legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 144 of the FAC.

145. States that the allegations set forth in paragraph 145 of the FAC are legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 145 of the FAC.

146. States that the allegations set forth in paragraph 146 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 146 of the FAC.

147. States that the allegations set forth in paragraph 147 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 147 of the FAC.

148.     States that the allegations set forth in paragraph 148 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 148 of the FAC.

149.     States that the allegations set forth in paragraph 149 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 149 of the FAC.

150.     States that the allegations set forth in paragraph 150 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 150 of the FAC.

151.     States that the allegations set forth in paragraph 151 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 151 of the FAC.

152.     States that the allegations set forth in paragraph 152 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 152 of the FAC.

153.     States that the allegations set forth in paragraph 153 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 153 of the FAC.

154.     States that the allegations set forth in paragraph 154 of the FAC are summaries of certain statutes, selected statutory quotations, and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 154 of the FAC.

#74346513_v6

155.     States that the allegations set forth in paragraph 155 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 155 of the FAC.

156.     States that the allegations set forth in paragraph 156 of the FAC are selected quotations from certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 156 of the FAC.

157.     States that the allegations set forth in paragraph 157 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 157 of the FAC.

158.     States that the allegations set forth in paragraph 158 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 158 of the FAC.

159.     States that the allegations set forth in paragraph 159 of the FAC are summaries of certain statutes, selected statutory quotations, and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 159 of the FAC.

160.     States that the allegations set forth in paragraph 160 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 160 of the FAC.

161.     States that the allegations set forth in paragraph 161 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 161 of the FAC.

#74346513_v6

(a)     States that the allegations set forth in paragraph 161(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 161(a) of the FAC.

(b)     States that the allegations set forth in paragraph 161(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 161(b) of the FAC.

(c)     States that the allegations set forth in paragraph 161(c) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 161(c) of the FAC.

(d)     States that the allegations set forth in paragraph 161(d) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 161(d) of the FAC.

162.     States that the allegations set forth in paragraph 162 of the FAC are summaries of certain laws or are legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 162 of the FAC.

163.     States that the allegations set forth in paragraph 163 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 163 of the FAC.

164.    States that the allegations set forth in paragraph 164 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 164 of the FAC.

165.    Denies the allegations set forth in paragraph 165 of the FAC.

## LEGAL COUNTS

### COUNT I
### VIOLATIONS OF FALSE CLAIMS ACT
### PRESENTATION OF FALSE CLAIMS

166.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

167.    Denies the allegations set forth in paragraph 167 of the FAC.

168.    Denies the allegations set forth in paragraph 168 of the FAC.

169.    Denies the allegations set forth in paragraph 169 of the FAC.

170.    Denies the allegations set forth in paragraph 170 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count I of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the United States or Relators are entitled to relief of any kind or nature whatsoever.

### COUNT II
### VIOLATION OF FALSE CLAIMS ACT
### FALSE STATEMENTS

171.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

172.    Denies the allegations set forth in paragraph 172 of the FAC.

173.    Denies the allegations set forth in paragraph 173 of the FAC.

#74346513_v6

174.    Denies the allegations set forth in paragraph 174 of the FAC.

175.    Denies the allegations set forth in paragraph 175 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count II of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the United States or Relators are entitled to relief of any kind or nature whatsoever.

**COUNT III**
**VIOLATION OF FALSE CLAIM ACT**
**REVERSE FALSE CLAIMS**

176.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

177.    States that the allegations set forth in paragraph 177 of the FAC require no response because they pertain to Count III of the FAC that has been dismissed pursuant to the Dismissal Order.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 177 of the FAC.

178.    States that the allegations set forth in paragraph 178 of the FAC require no response because they pertain to Count III of the FAC that has been dismissed pursuant to the Dismissal Order.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 178 of the FAC.

179.    States that the allegations set forth in paragraph 179 of the FAC require no response because they pertain to Count III of the FAC that has been dismissed pursuant to the Dismissal Order.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 179 of the FAC.

#74346513_v6

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count III of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the United States or Relators are entitled to relief of any kind or nature whatsoever.

**COUNT IV**
**CALIFORNIA FALSE CLAIMS ACT**

180. PharMerica repeats, restates, and incorporates all responses to paragraphs 1 through 165 of the FAC.

181. States that the allegations set forth in paragraph 181 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 181 of the FAC.

182. States that the allegations set forth in paragraph 182 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 182 of the FAC.

(a) States that the allegations set forth in paragraph 182(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 182(a) of the FAC.

(b) States that the allegations set forth in paragraph 182(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 182(b) of the FAC.

183. Denies the allegations set forth in paragraph 183 of the FAC.

184. Denies the allegations set forth in paragraph 184 of the FAC.

185. States that the allegations set forth in paragraph 185 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 185 of the FAC.

186. Denies the allegations set forth in paragraph 186 of the FAC.

187. Denies the allegations set forth in paragraph 187 of the FAC.

188. Denies the allegations set forth in paragraph 188 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count IV of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the State of California or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT V
## COLORADO MEDICAID FALSE CLAIMS ACT

189. PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

190. States that the allegations set forth in paragraph 190 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 190 of the FAC.

191.    States that the allegations set forth in paragraph 191 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 191 of the FAC.

192.    Denies the allegations set forth in paragraph 192 of the FAC.

193.    Denies the allegations set forth in paragraph 193 of the FAC.

194.    Denies the allegations set forth in paragraph 194 of the FAC.

195.    States that the allegations set forth in paragraph 195 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 195 of the FAC.

196.    Denies the allegations set forth in paragraph 196 of the FAC.

197.    Denies the allegations set forth in paragraph 197 of the FAC.

198.    Denies the allegations set forth in paragraph 198 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count V of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either Colorado or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT VI
## CONNECTICUT FALSE CLAIMS ACT

199.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

200.    States that the allegations set forth in paragraph 200 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no

response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 200 of the FAC.

201.    States that the allegations set forth in paragraph 201 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 201 of the FAC.

202.    States that the allegations set forth in paragraph 202 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 202 of the FAC.

203.    Denies the allegations set forth in paragraph 203 of the FAC.

204.    Denies the allegations set forth in paragraph 204 of the FAC.

205.    Denies the allegations set forth in paragraph 205 of the FAC.

206.    Denies the allegations set forth in paragraph 206 of the FAC.

207.    Denies the allegations set forth in paragraph 207 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count VI of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either Connecticut or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT VII
## DELAWARE FALSE CLAIMS AND REPORTING ACT

208.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

#74346513_v6

209.     States that the allegations set forth in paragraph 209 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 209 of the FAC.

210.     States that the allegations set forth in paragraph 210 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 210 of the FAC.

      (a)     States that the allegations set forth in paragraph 210(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 210(a) of the FAC.

      (b)     States that the allegations set forth in paragraph 210(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 210(b) of the FAC.

211.     Denies the allegations set forth in paragraph 211 of the FAC.

212.     Denies the allegations set forth in paragraph 212 of the FAC.

213.     States that the allegations set forth in paragraph 213 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 213 of the FAC.

214.     Denies the allegations set forth in paragraph 214 of the FAC.

215.     Denies the allegations set forth in paragraph 215 of the FAC.

#74346513_v6

216.     Denies the allegations set forth in paragraph 216 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count VII of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of Delaware or Relators are entitled to relief of any kind or nature whatsoever.

**COUNT VIII**
**<u>FLORIDA FALSE CLAIMS ACT</u>**

217.     PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

218.     States that the allegations set forth in the first sentence of paragraph 218 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  PharMerica states that the allegations set forth in the second sentence of paragraph 218 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 218 of the FAC.

(a)     PharMerica states that the allegations set forth in paragraph 218(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 218(a) of the FAC.

(b)     PharMerica states that the allegations set forth in paragraph 218(b) of the FAC are summaries of certain statutes and legal conclusions to which no

response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 218(b) of the FAC.

219.    Denies the allegations set forth in paragraph 219 of the FAC.

220.    Denies the allegations set forth in paragraph 220 of the FAC.

221.    States that the allegations set forth in paragraph 221 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 221 of the FAC.

222.    Denies the allegations set forth in paragraph 222 of the FAC.

223.    Denies the allegations set forth in paragraph 223 of the FAC.

224.    Denies the allegations set forth in paragraph 224 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count VIII of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of Florida or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT IX
## GEORGIA FALSE MEDICAID CLAIMS ACT

225.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

226.    States that the allegations set forth in paragraph 226 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no

response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 226 of the FAC.

227.    States that the allegations set forth in paragraph 227 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 227 of the FAC.

(a)    States that the allegations set forth in paragraph 227(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 227(a) of the FAC.

(b)    States that the allegations set forth in paragraph 227(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 227(b) of the FAC.

228.    Denies the allegations set forth in paragraph 228 of the FAC.

229.    Denies the allegations set forth in paragraph 229 of the FAC.

230.    States that the allegations set forth in paragraph 230 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 230 of the FAC.

231.    Denies the allegations set forth in paragraph 231 of the FAC.

232.    Denies the allegations set forth in paragraph 232 of the FAC.

233.    Denies the allegations set forth in paragraph 233 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count IX of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the State of Georgia or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT X
## HAWAII FALSE CLAIMS ACT

234. PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

235. States that the allegations set forth in paragraph 235 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 235 of the FAC.

236. States that the allegations set forth in paragraph 236 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 236 of the FAC.

    (a) States that the allegations set forth in paragraph 236(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 236(a) of the FAC.

    (b) States that the allegations set forth in paragraph 236(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 236(b) of the FAC.

#74346513_v6

237.     Denies the allegations set forth in paragraph 237 of the FAC.

238.     Denies the allegations set forth in paragraph 238 of the FAC.

239.     States that the allegations set forth in paragraph 239 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 239 of the FAC.

240.     Denies the allegations set forth in paragraph 240 of the FAC.

241.     Denies the allegations set forth in paragraph 241 of the FAC.

242.     Denies the allegations set forth in paragraph 242 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count X of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of Hawaii or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XI
## ILLINOIS FALSE CLAIMS ACT

243.     PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

244.     States that the allegations set forth in paragraph 244 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 244 of the FAC.

245.     States that the allegations set forth in paragraph 245 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 245 of the FAC.

#74346513_v6

(a)      States that the allegations set forth in paragraph 245(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 245(a) of the FAC.

(b)      States that the allegations set forth in paragraph 245(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 245(b) of the FAC.

246.    Denies the allegations set forth in paragraph 246 of the FAC.

247.    Denies the allegations set forth in paragraph 247 of the FAC.

248.    States that the allegations set forth in paragraph 248 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 248 of the FAC.

249.    Denies the allegations set forth in paragraph 249 of the FAC.

250.    Denies the allegations set forth in paragraph 250 of the FAC.

251.    Denies the allegations set forth in paragraph 251 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XI of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of Illinois or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XII
## <u>INDIANA FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT</u>

252. PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

253. States that the allegations set forth in paragraph 253 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 253 of the FAC.

254. States that the allegations set forth in paragraph 254 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 254 of the FAC.

       (a)    States that the allegations set forth in paragraph 254(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 254(a) of the FAC.

       (b)    States that the allegations set forth in paragraph 254(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 254(b) of the FAC.

255. Denies the allegations set forth in paragraph 255 of the FAC.

256. Denies the allegations set forth in paragraph 256 of the FAC.

257. States that the allegations set forth in paragraph 257 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is

#74346513_v6

required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 257 of the FAC.

258.    Denies the allegations set forth in paragraph 258 of the FAC.

259.    Denies the allegations set forth in paragraph 259 of the FAC.

260.    Denies the allegations set forth in paragraph 260 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XII of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of Indiana or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XIII
## IOWA FALSE CLAIMS ACT

261.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

262.    States that the allegations set forth in paragraph 262 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 262 of the FAC.

263.    States that the allegations set forth in paragraph 263 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 263 of the FAC.

(a)    States that the allegations set forth in paragraph 263(a) of the FAC are summaries of certain statutes and legal conclusions to which no response

is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 263(a) of the FAC.

(b)     States that the allegations set forth in paragraph 263(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 263(b) of the FAC.

264.    Denies the allegations set forth in paragraph 264 of the FAC.

265.    Denies the allegations set forth in paragraph 265 of the FAC.

266.    States that the allegations set forth in paragraph 266 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 266 of the FAC.

267.    Denies the allegations set forth in paragraph 267 of the FAC.

268.    Denies the allegations set forth in paragraph 268 of the FAC.

269.    Denies the allegations set forth in paragraph 269 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XIII of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the State of Iowa or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XIV
## LOUISIANA MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW

270.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

271.     States that the allegations set forth in paragraph 271 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 271 of the FAC.

272.     States that the allegations set forth in paragraph 272 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 272 of the FAC.

      (a)     States that the allegations set forth in paragraph 272(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 272(a) of the FAC.

      (b)     States that the allegations set forth in paragraph 272(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 272(b) of the FAC.

273.     Denies the allegations set forth in paragraph 273 of the FAC.

274.     Denies the allegations set forth in paragraph 274 of the FAC.

275.     States that the allegations set forth in paragraph 275 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 275 of the FAC.

276.     Denies the allegations set forth in paragraph 276 of the FAC.

277.     Denies the allegations set forth in paragraph 277 of the FAC.

278. Denies the allegations set forth in paragraph 278 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XIV of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the State of Louisiana or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XV
## MARYLAND FALSE HEALTH CLAIMS ACT

279. PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

280. States that the allegations set forth in paragraph 280 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 280 of the FAC.

281. States that the allegations set forth in paragraph 281 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 281 of the FAC.

282. Denies the allegations set forth in paragraph 282 of the FAC.

283. Denies the allegations set forth in paragraph 283 of the FAC.

284. Denies the allegations set forth in paragraph 284 of the FAC.

285. States that the allegations set forth in paragraph 285 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is

#74346513_v6

required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 285 of the FAC.

286.    Denies the allegations set forth in paragraph 286 of the FAC.

287.    Denies the allegations set forth in paragraph 287 of the FAC.

288.    Denies the allegations set forth in paragraph 288 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XV of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either Maryland or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XVI
## MASSACHUSETTS FALSE CLAIMS ACT

289.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

290.    States that the allegations set forth in paragraph 290 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 290 of the FAC.

291.    States that the allegations set forth in paragraph 291 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 291 of the FAC.

(a)    States that the allegations set forth in paragraph 291(a) of the FAC are summaries of certain statutes and legal conclusions to which no response

40

is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 291(a) of the FAC.

      (b)      States that the allegations set forth in paragraph 291(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 291(b) of the FAC.

292.     Denies the allegations set forth in paragraph 292 of the FAC.

293.     Denies the allegations set forth in paragraph 293 of the FAC.

294.     States that the allegations set forth in paragraph 294 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 294 of the FAC.

295.     Denies the allegations set forth in paragraph 295 of the FAC.

296.     Denies the allegations set forth in paragraph 296 of the FAC.

297.     Denies the allegations set forth in paragraph 297 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XVI of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the Commonwealth of Massachusetts or Relators are entitled to relief of any kind or nature whatsoever.

#74346513_v6

## COUNT XVII
## MICHIGAN MEDICAID FALSE CLAIMS ACT

298.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

299.    States that the allegations set forth in paragraph 299 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 299 of the FAC.

        (a)    States that the allegations set forth in paragraph 299(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 299(a) of the FAC.

        (b)    States that the allegations set forth in paragraph 299(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 299(b) of the FAC.

300.    Denies the allegations set forth in paragraph 300 of the FAC.

301.    Denies the allegations set forth in paragraph 301 of the FAC.

302.    States that the allegations set forth in paragraph 302 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 302 of the FAC.

303.    Denies the allegations set forth in paragraph 303 of the FAC.

304.    Denies the allegations set forth in paragraph 304 of the FAC.

#74346513_v6

305. Denies the allegations set forth in paragraph 305 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XVII of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the State of Michigan or Relators are entitled to relief of any kind or nature whatsoever.

### COUNT XVIII
### MINNESOTA FALSE CLAIMS ACT

306. PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

307. States that the allegations set forth in paragraph 307 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 307 of the FAC.

308. States that the allegations set forth in paragraph 308 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 308 of the FAC.

309. Denies the allegations set forth in paragraph 309 of the FAC.

310. Denies the allegations set forth in paragraph 310 of the FAC.

311. States that the allegations set forth in paragraph 311 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 311 of the FAC.

312.     Denies the allegations set forth in paragraph 312 of the FAC.

313.     Denies the allegations set forth in paragraph 313 of the FAC.

314.     Denies the allegations set forth in paragraph 314 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XVIII of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either Minnesota or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XIX
## MONTANA FALSE CLAIMS ACT
## MONT. CODE ANN. & 17-8-401

315.     PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

316.     States that the allegations set forth in paragraph 316 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 316 of the FAC.

317.     States that the allegations set forth in paragraph 317 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 317 of the FAC.

(a)     States that the allegations set forth in paragraph 317(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 317(a) of the FAC.

#74346513_v6

(b) States that the allegations set forth in paragraph 317(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 317(b) of the FAC.

318. States that the allegations set forth in paragraph 318 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 318 of the FAC.

319. Denies the allegations set forth in paragraph 319 of the FAC.

320. Denies the allegations set forth in paragraph 320 of the FAC.

321. Denies the allegations set forth in paragraph 321 of the FAC.

322. Denies the allegations set forth in paragraph 322 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XIX of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the State of Montana or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XX
## NEVADA FALSE CLAIMS ACT

323. PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

324. States that the allegations set forth in paragraph 324 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no

response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 324 of the FAC.

325.    States that the allegations set forth in paragraph 325 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 325 of the FAC.

(a)    States that the allegations set forth in paragraph 325(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 325(a) of the FAC.

(b)    States that the allegations set forth in paragraph 325(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 325(b) of the FAC.

326.    Denies the allegations set forth in paragraph 326 of the FAC.

327.    Denies the allegations set forth in paragraph 327 of the FAC.

328.    States that the allegations set forth in paragraph 328 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 328 of the FAC.

329.    Denies the allegations set forth in paragraph 329 of the FAC.

330.    Denies the allegations set forth in paragraph 330 of the FAC.

331.    Denies the allegations set forth in paragraph 331 of the FAC.

#74346513_v6

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XX of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the State of Nevada or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XXI
## THE NEW HAMPSHIRE HEALTH CARE FALSE CLAIMS ACT

332. PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

333. States that the allegations set forth in paragraph 333 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 333 of the FAC.

334. States that the allegations set forth in paragraph 334 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 334 of the FAC.

(a) States that the allegations set forth in paragraph 334(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 334(a) of the FAC.

(b) States that the allegations set forth in paragraph 334(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 334(b) of the FAC.

47

335.	Denies the allegations set forth in paragraph 335 of the FAC.

336.	Denies the allegations set forth in paragraph 336 of the FAC.

337.	States that the allegations set forth in paragraph 337 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 337 of the FAC.

338.	Denies the allegations set forth in paragraph 338 of the FAC.

339.	Denies the allegations set forth in paragraph 339 of the FAC.

340.	Denies the allegations set forth in paragraph 340 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XXI of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of New Hampshire or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XII
## <u>NEW JERSEY FALSE CLAIMS ACT</u>

345.	PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

346.	States that the allegations set forth in paragraph 346 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 346 of the FAC.

347.     States that the allegations set forth in paragraph 347 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 347 of the FAC.

(a)     States that the allegations set forth in paragraph 347(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 347(a) of the FAC.

(b)     States that the allegations set forth in paragraph 347(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 347(b) of the FAC.

348.     Denies the allegations set forth in paragraph 348 of the FAC.

349.     Denies the allegations set forth in paragraph 349 of the FAC.

350.     States that the allegations set forth in paragraph 350 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 350 of the FAC.

351.     Denies the allegations set forth in paragraph 351 of the FAC.

352.     Denies the allegations set forth in paragraph 352 of the FAC.

353.     Denies the allegations set forth in paragraph 353 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XXII of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual

allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of New Jersey or Relators are entitled to relief of any kind or nature whatsoever.

**COUNT XXIII**
**NEW MEXICO FRAUD AGAINST TAXPAYERS ACT**

354.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

355.    States that the allegations set forth in paragraph 355 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 355 of the FAC.

356.    States that the allegations set forth in paragraph 356 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 356 of the FAC.

357.    States that the allegations set forth in paragraph 357 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 357 of the FAC.

(a)    States that the allegations set forth in paragraph 357(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 357(a) of the FAC.

(b)    States that the allegations set forth in paragraph 357(b) of the FAC are summaries of certain statutes and legal conclusions to which no response

is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 357(b) of the FAC.

358.    Denies the allegations set forth in paragraph 358 of the FAC.

359.    Denies the allegations set forth in paragraph 359 of the FAC.

360.    States that the allegations set forth in paragraph 360 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 360 of the FAC.

361.    Denies the allegations set forth in paragraph 361 of the FAC.

362.    Denies the allegations set forth in paragraph 362 of the FAC.

363.    Denies the allegations set forth in paragraph 363 of the FAC.

364.    Denies the allegations set forth in paragraph 364 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XXIII of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of New Mexico or Relators are entitled to relief of any kind or nature whatsoever.

**COUNT XXIV**
**NORTH CAROLINA FALSE CLAIMS ACT**

365.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

366.    States that the allegations set forth in paragraph 366 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no

51

response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 366 of the FAC.

367. States that the allegations set forth in paragraph 367 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 367 of the FAC.

368. Denies the allegations set forth in paragraph 368 of the FAC.

369. Denies the allegations set forth in paragraph 369 of the FAC.

370. Denies the allegations set forth in paragraph 370 of the FAC.

371. States that the allegations set forth in paragraph 371 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 371 of the FAC.

372. Denies the allegations set forth in paragraph 372 of the FAC.

373. Denies the allegations set forth in paragraph 373 of the FAC.

374. Denies the allegations set forth in paragraph 374 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XXIV of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the State of North Carolina or Relators are entitled to relief of any kind or nature whatsoever.

#74346513_v6

## COUNT XXV
## OKLAHOMA MEDICAID FALSE CLAIMS ACT

375.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

376.    States that the allegations set forth in paragraph 376 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 376 of the FAC.

377.    States that the allegations set forth in paragraph 377 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 377 of the FAC.

       (a)    States that the allegations set forth in paragraph 377(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 377(a) of the FAC.

       (b)    States that the allegations set forth in paragraph 377(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 377(b) of the FAC.

378.    Denies the allegations set forth in paragraph 378 of the FAC.

379.    Denies the allegations set forth in paragraph 379 of the FAC.

380.    States that the allegations set forth in paragraph 380 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is

#74346513_v6

required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 380 of the FAC.

381.    Denies the allegations set forth in paragraph 381 of the FAC.

382.    Denies the allegations set forth in paragraph 382 of the FAC.

383.    Denies the allegations set forth in paragraph 383 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XXV of the FAC contains no factual allegations and, therefore, no answer is required.  To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of Oklahoma or Relators are entitled to relief of any kind or nature whatsoever.

### COUNT XXVI
### RHODE ISLAND STATE FALSE CLAIMS ACT

384.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

385.    States that the allegations set forth in paragraph 385 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 385 of the FAC.

386.    States that the allegations set forth in paragraph 386 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 386 of the FAC.

(a)    States that the allegations set forth in paragraph 386(a) of the FAC are summaries of certain statutes and legal conclusions to which no response

is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 386(a) of the FAC.

(b)     States that the allegations set forth in paragraph 386(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 386(b) of the FAC.

387.    Denies the allegations set forth in paragraph 387 of the FAC.

388.    Denies the allegations set forth in paragraph 388 of the FAC.

389.    States that the allegations set forth in paragraph 389 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 389 of the FAC.

390.    Denies the allegations set forth in paragraph 390 of the FAC.

391.    Denies the allegations set forth in paragraph 391 of the FAC.

392.    Denies the allegations set forth in paragraph 392 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XXVI of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of Rhode Island or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XXVII
## <u>TENNESSEE FALSE CLAIMS ACT</u>

393.     PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

394.     States that the allegations set forth in paragraph 394 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 394 of the FAC.

395.     States that the allegations set forth in paragraph 395 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 395 of the FAC.

> (a)     States that the allegations set forth in paragraph 395(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 395(a) of the FAC.

> (b)     States that the allegations set forth in paragraph 395(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 395(b) of the FAC.

396.     States that the allegations set forth in paragraph 396 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 396 of the FAC.

> (a)     States that the allegations set forth in paragraph 396(a) of the FAC are summaries of certain statutes and legal conclusions to which no response

is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 396(a) of the FAC.

(b)     States that the allegations set forth in paragraph 396(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 396(b) of the FAC.

397.    Denies the allegations set forth in paragraph 397 of the FAC.

398.    Denies the allegations set forth in paragraph 398 of the FAC.

399.    States that the allegations set forth in paragraph 399 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 399 of the FAC.

400.    Denies the allegations set forth in paragraph 400 of the FAC.

401.    Denies the allegations set forth in paragraph 401 of the FAC.

402.    Denies the allegations set forth in paragraph 402 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XXVII of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of Tennessee or Relators are entitled to relief of any kind or nature whatsoever.

#74346513_v6

**COUNT XXVIII**
**TEXAS MEDICAID FRAUD PREVENTION LAW**

403.     PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

404.     States that the allegations set forth in paragraph 404 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 404 of the FAC.

405.     States that the allegations set forth in paragraph 405 of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 405 of the FAC.

> (1)     States that the allegations set forth in paragraph 405(1), and its subparts, of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 405(1) of the FAC.

> (2)     States that the allegations set forth in paragraph 405(2), and its subparts, of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 405(2) of the FAC.

> (4)     States that the allegations set forth in paragraph 405(4), and its subpart, of the FAC are summaries of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required,

PharMerica denies the allegations set forth in paragraph 405(4) of the FAC.

406.    Denies the allegations set forth in paragraph 406 of the FAC.

407.    Denies the allegations set forth in paragraph 407 of the FAC.

408.    States that the allegations set forth in paragraph 408 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required.  To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 408 of the FAC.

409.    Denies the allegations set forth in paragraph 409 of the FAC.

410.    Denies the allegations set forth in paragraph 410 of the FAC.

411.    Denies the allegations set forth in paragraph 411 of the FAC.

412.    Denies the allegations set forth in paragraph 412 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XXVIII of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied.  In response to Relators' request for damages, PharMerica denies that either the State of Texas or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XXIX
## VIRGINIA FRAUD AGAINST TAXPAYERS ACT

413.    PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

414.    States that the allegations set forth in paragraph 414 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no

response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 414 of the FAC.

415. States that the allegations set forth in paragraph 415 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 415 of the FAC.

    (a) States that the allegations set forth in paragraph 415(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 415(a) of the FAC.

    (b) States that the allegations set forth in paragraph 415(b) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 415(b) of the FAC.

416. Denies the allegations set forth in paragraph 416 of the FAC.

417. Denies the allegations set forth in paragraph 417 of the FAC.

418. States that the allegations set forth in paragraph 418 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 418 of the FAC.

419. Denies the allegations set forth in paragraph 419 of the FAC.

420. Denies the allegations set forth in paragraph 420 of the FAC.

421. Denies the allegations set forth in paragraph 421 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XXIX of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relators' request for damages, PharMerica denies that either the Commonwealth of Virginia or Relators are entitled to relief of any kind or nature whatsoever.

## COUNT XXX
## WASHINGTON MEDICAID FRAUD FALSE CLAIMS ACT

422. PharMerica repeats, restates, and incorporates by reference herein its responses to paragraphs 1 through 165 of the FAC.

423. States that the allegations set forth in the first sentence of paragraph 423 of the FAC constitute an introductory summary of Relators' purported cause of action and prayer for relief to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in the first sentence of paragraph 423. PharMerica states that the allegations set forth in the second sentence of paragraph 423 of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in the second sentence of paragraph 423 of the FAC.

(a)     PharMerica states that the allegations set forth in paragraph 423(a) of the FAC are summaries of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 423(a) of the FAC.

#74346513_v6

(b)     PharMerica states that the allegations set forth in paragraph 423(b) of the

FAC are summaries of certain statutes and legal conclusions to which no

response is required.  To the extent that any response is required,

PharMerica denies the allegations set forth in paragraph 423(b) of the

FAC.

424.     Denies the allegations set forth in paragraph 424 of the FAC.

425.     States that the allegations set forth in paragraph 425 of the FAC are summaries

and characterizations of certain statutes and legal conclusions to which no response is

required.  To the extent that any response is required, PharMerica denies the allegations set forth

in paragraph 425 of the FAC.

426.     Denies the allegations set forth in paragraph 426 of the FAC.

427.     Denies the allegations set forth in paragraph 427 of the FAC.

428.     Denies the allegations set forth in paragraph 428 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within

Count XXX of the FAC contains no factual allegations and, therefore, no answer is required.  To

the extent that the WHEREFORE clause and its subparts may be deemed to contain factual

allegations, they are denied.  In response to Relators' request for damages, PharMerica denies

that either the State of Washington or Relators are entitled to relief of any kind or nature

whatsoever.

## COUNT XXXI
## RELATOR STURGEON V. PHARMERICA
## RETALIATION AND VIOLATION OF 31 U.S.C. 3730(H)

429.     PharMerica repeats, restates, and incorporates by reference herein its responses to

paragraphs 1 through 165 of the FAC.

430. States that the allegations set forth in paragraph 430 of the FAC are summaries and characterizations of certain statutes and legal conclusions to which no response is required. To the extent that any response is required, PharMerica denies the allegations set forth in paragraph 430 of the FAC.

431. Denies the allegations set forth in paragraph 431 of the FAC.

432. Denies the allegations set forth in paragraph 432 of the FAC.

433. Denies the allegations set forth in paragraph 433 of the FAC.

PharMerica states that the WHEREFORE clause, and its subparts, contained within Count XXXI of the FAC contains no factual allegations and, therefore, no answer is required. To the extent that the WHEREFORE clause and its subparts may be deemed to contain factual allegations, they are denied. In response to Relator Sturgeon's request for damages, PharMerica denies that Relator Sturgeon is entitled to relief of any kind or nature whatsoever.

PharMerica otherwise denies any allegations set forth in the FAC not expressly admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The FAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Relators' claims are barred because damages, if any, were not due to any act or failure to act by PharMerica, but were caused solely by the acts of third parties for whom PharMerica is not responsible.

#74346513_v6

## THIRD AFFIRMATIVE DEFENSE

The Relators fail to state a claim upon which relief can be granted because neither the Relators nor the government entities have suffered any damages as stated in the FAC and/or the damages sought are speculative and impossible to determine.

## FOURTH AFFIRMATIVE DEFENSE

All of Relators' claims have been made in bad faith and are frivolous.

## FIFTH AFFIRMATIVE DEFENSE

PharMerica's actions were at all times in good faith and based on legitimate business motives.

## SIXTH AFFIRMATIVE DEFENSE

Relators have failed to mitigate damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Relators are estopped from claiming the causes of action alleged herein.

## EIGHTH AFFIRMATIVE DEFENSE

Relators have waived any causes of action alleged herein.

## NINTH AFFIRMATIVE DEFENSE

Relator Sturgeon's claims are barred under the principles of collateral estoppel and res judicata based on the findings of the jury in the case of *Sturgeon v. Millennium Pharmacy Systems, LLC et al.,* Civil Action Number No. 2:16cv375 (W.D. Pa.) and are further barred because her termination was based on legitimate business concerns, was not due to any act related to PharMerica's alleged non-compliance with the False Claims Act, and was the result of her failure to meet the job's specifications and her voluntary departure.

#74346513_v6

## TENTH AFFIRMATIVE DEFENSE

The conduct alleged in the FAC falls within one or more of the statutory exceptions or regulatory safe harbors to the federal Anti-Kickback Statute.

## ELEVENTH AFFIRMATIVE DEFENSE

PharMerica intends to add and rely upon such other and further defenses as may become apparent during the discovery of this action and reserves the right to amend its answer to assert such defenses.

## PRAYER FOR RELIEF

WHEREFORE, PharMerica prays that this Court:

(a)     Enter judgment in its favor with respect to each claim that remains operative in the FAC;

(b)     Award PharMerica its costs and expenses, including reasonable attorneys' fees; and

(c)     Grant PharMerica such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

PharMerica demands a trial by jury on all issues so triable.

//

//

//

//

//

//

//

#74346513_v6

PHARMERICA CORPORATION,

By its attorneys,

/s/ *Carolyn P. Short*
Carolyn P. Short, Esq., I.D. No. 38199
HOLLAND & KNIGHT LLP
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Phone: (215) 252-9600
Fax: (215) 867-6070
Carolyn.Short@hklaw.com

Michael Manthei (*admitted pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
Phone: (617) 523-2700
Fax: (617) 523-6850
michael.manthei@hklaw.com

Dated: May 5, 2020

## CERTIFICATE OF SERVICE

I, Carolyn P. Short, Esq., hereby certify that a true and correct copy of the foregoing has been electronically filed and served this 5th day of May, 2020 upon all counsel of record via the Court's CM/ECF System.

By: /s/ Carolyn P. Short
Carolyn P. Short

#74346513_v6