## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF LOUISIANA, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF MONTANA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, STATE OF OKLAHOMA, STATE OF RHODE ISLAND, STATE OF TENNESSEE, STATE OF TEXAS, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, *ex rel.* LENA STURGEON, ANTHONY FERRANTE, ANTHONY SCIOLE AND NATHAN NILES, <br><br> Plaintiffs, <br><br> v. <br><br> PHARMERICA CORPORATION, <br><br> Defendant. | Civil Action No. 15-6829-CMR |

## JOINT MOTION FOR ENTRY OF [PROPOSED] AMENDED CONFIDENTIALITY AND HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, the undersigned

Parties jointly request that the Court enter as Orders the "[Proposed] Amended Confidentiality

and HIPAA Qualified Protective Order" ("Amended Protective Order"), attached hereto as Exhibit A. As grounds for this Motion, the Parties aver as follows:

1.     Discovery in the above-captioned action (this "Action") has involved and is likely in the future to involve the disclosure of confidential information, including "protected health information," as defined in 45 C.F.R. § 160.103 and 164.501.

2.     Thus, pursuant to Fed. R. Civ. P. 26(c) and in compliance with the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 164.512(e)(1), on November 8, 2019, the Parties moved the Court for entry of a "[Proposed] Confidentiality and HIPAA Qualified Protective Order" ("Protective Order"). (ECF No. 65.)

3.     On November 12, 2019, the Court entered the Parties' proposed Protective Order as an Order. (ECF No. 67.)

4.     Subsequent to entry of that Order, the Parties identified an oversight in the language of the Protective Order.

5.     Accordingly, the Parties have drafted and seek entry of the Amended Protective Order, which inserts language at ¶ 5(h) to permit HIPAA-Protected Material to be viewed by "Other persons permitted to view such documents under the provisions of the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C.A. § 1320d, *et seq*., and regulations related thereto[.]"

6.     The Parties agree to comply with the obligations and procedures as described in the Amended Protective Order when engaging in discovery in this Action.

7.     No party will be prejudiced by the grant of the Amended Protective Order.

For the foregoing reasons, the Parties jointly request that this Court enter the Amended Protective Order at Exhibit A.

Respectfully submitted,

PHARMERICA CORPORATION,


By its attorneys,

/s/ DRAFT
Caroline P. Short, Esq., I.D. No. 38199
HOLLAND & KNIGHT LLP
2929 Arch Street, Suite 800
Philadelphia, PA 19104
Phone: (215) 252-9600
Fax: (215) 867-6070
Carolyn.Short@hklaw.com

Michael Manthei (*admitted pro hac vice*)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Phone: (617) 523-2700
Fax: (617) 523-6850
michael.manthei@hklaw.com

Dated: November 3, 2020

Respectfully submitted,

LENA STURGEON, ANTHONY
FERRANTE, ANTHONY SCIOLE AND
NATHAN NILES,

By their attorneys,

/s/ DRAFT
Catherine Pratsinakis (No. 88086)
Jessica L. Titler-Lingle (No. 320618)
DILWORTH PAXSON LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
cpratsinakis@dilworthlaw.com
jtitler-lingle@dilworthlaw.com

Bruce D. Parke (No. 89067)
John C. Roberts (No. 328059)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
1845 Walnut Street
Suite 806
Philadelphia, PA 19103
Tel: (610) 891-9880
Fax: (866) 300-7367
bparke@sfmslaw.com
jroberts@sfmslaw.com

James E. Miller (No. 64280)
Laurie Rubinow (admitted *pro hac vice*)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
65 Main Street
Chester, CT 06412
Tel: (860) 526-1100
Fax: (866) 300-7367
jmiller@sfmslaw.com
lrubinow@sfmslaw.com

Heidi A. Wendel (admitted *pro hac vice*)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP

52 Duane Street, 7th Floor
New York City, NY 10007
Tel: (212) 419-0156
Fax: (866) 300-7367
hwendel@sfmslaw.com

*Attorneys for Relators*

## <u>CERTIFICATE OF SERVICE</u>

I, Jessica Titler-Lingle, hereby certify that a true and correct copy of the foregoing has

been electronically filed and served this 3rd day of November, 2020 upon all counsel of record

via the Court's CM/ECF System.

*/s/ DRAFT*        
Jessica L. Titler-Lingle

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF LOUISIANA, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF MONTANA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, STATE OF OKLAHOMA, STATE OF RHODE ISLAND, STATE OF TENNESSEE, STATE OF TEXAS, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, *ex rel.* LENA STURGEON, ANTHONY FERRANTE ANTHONY SCIOLE AND NATHAN NILES, | Civil Action No. 15-6829-CMR |
| Plaintiffs, | |
| v. | |
| PHARMERICA CORPORATION, | |
| Defendant. | |

## [PROPOSED] AMENDED CONFIDENTIALITY AND HIPAA QUALIFIED PROTECTIVE ORDER

It appearing that discovery in the above-captioned action (this "Action") is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.      Any party to this Action and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing,

- 1 -

financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Any party to this Action or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" (hereinafter "Confidential"). Parties expressly reserve, and do not waive, the right to challenge any Confidential designation made by any party to this action and may assert such challenge to any Confidentiality designation at any time.

2.      Any party to this Action and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any otherwise Confidential information, document, or thing, or portion of any document or thing that contains current contract pricing information, information concerning current business methodologies and practices related to the calculation of customer pricing, and cost information under PharMerica's current prime drug wholesaler agreement ("Prime Vendor Agreement") and other purchasing agreements. "Current" means that it must reflect pricing used in 2011 and forward. Any party to this Action or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with legend: "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (hereinafter "Attorneys' Eyes Only"). Material designated Attorney's Eyes Only is a subset of Confidential materials under this order.  Parties expressly reserve, and do not waive, the right to challenge any Attorneys' Eyes Only designation made by any party to this action and may assert such challenge to any Attorneys' Eyes Only designation at any time.

3.      Any party to this Action and any third-party shall have the right to designate as "CONFIDENTIAL –HIPAA-PROTECTED" (hereinafter "HIPAA-Protected") pursuant to 45 C.F.R. § 164.512(e)(1) and subject to this Order any otherwise Confidential information, document, or thing, or portion of any document or thing pertaining to patients of PharMerica Corporation relevant to this Action (the "Patients") to the extent and subject to the conditions set forth herein.

a.      For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501, including, but not limited to, information related to:

(a) The past, present, or future physical or mental condition of the Patients.

(b) The provision of care to the Patients.

(c) The payment for care provided to the Patients that which identifies the Patients or which reasonably could be expected to identify the Patients.

121968491_1

b.      All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose protected health information pertaining to the Patients to all attorneys in this Action.

c.      All protected health information filed with the Court shall be permanently sealed to comply with Local Civil Rule 5.1.5 and such seal shall not expire the presiding Judge's policies and procedures, if any.

4.      Parties expressly reserve, and do not waive, the right to challenge any HIPAA-Protected designation made by any party to this action and may assert such challenge to any Confidential- Attorneys' Eyes Only designation at any time.

5.      All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5 of this Order, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned Action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except as provided in Paragraph 5 below, or by Order of the Court.

6.      No information that is in the public domain shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

7.      Unless otherwise agreed to by the parties or ordered by the Court, Confidential material, Attorneys' Eyes Only material, HIPAA-Protected materials, and their contents may be disclosed to and used only by the following individuals under the following conditions:

A.      Confidential Material

a.      Counsel of record and associated counsel and employees or agents of counsel of record or associated counsel, including counsel for the United States if requested;

b.      Outside experts or consultants retained by counsel for purposes of this Action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.      The Court and Court personnel;

e.      Any deponent;

121968491_1

f.      Authors or recipients of the documents;

g.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, vendors hired to process documents or electronically-stored information, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

h.      The parties.   In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit; and

i.      Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

B.      Attorneys' Eyes Only Material

a.      Counsel of record and associated counsel and employees or agents of counsel of record or associated counsel, including counsel for the United States if requested;

b.      Outside experts or consultants retained by outside counsel for purposes of this Action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.      The Court and Court personnel;

e.      Any deponent;

f.      Authors or recipients of the documents;

g.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, vendors hired to process documents or electronically-stored information, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

h.      Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

- 4 -

121968491_1

C.        HIPAA-Protected Material

a.        Counsel of record and associated counsel and employees or agents of counsel of record or associated counsel, including counsel for the United States if requested;

b.        Outside experts or consultants retained by outside counsel for purposes of this Action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c.        Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.        The Court and Court personnel;

e.        Any deponent;

f.        Authors or recipients of the documents;

g.        Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, vendors hired to process documents or electronically-stored information, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

h.        Other persons permitted to view such documents under the provisions of the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C.A. § 1320d, *et seq.*, and regulations related thereto; and

i.        Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

6.        With respect to any depositions that involve a disclosure of Confidential material, Attorneys' Eyes Only, or HIPAA-Protected material of a party to this Action, such party shall have until seven (7) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, Attorneys' Eyes Only, or HIPAA-Protected (as applicable). Such period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5A(a), (b), (c), (d) and (f) above (in the case of Confidential material), or Paragraph 5B(a), (b), (c), (d) and (f) above (in the case of Attorneys' Eyes Only material), or Paragraph 5C(a), (b), (c), (d) and (f) above (in the case of HIPAA-Protected material), and the deponent during these seven (7) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5A(a), (b), (c), (d) and (f), or Paragraph 5B(a), (b), (c), (d) and (f), or Paragraph 5C(a), (b), (c), (d) and (f) (as applicable) above during said seven (7)

- 5 -

days.  Upon being informed that certain portions of a deposition are to be designated as Confidential, Attorneys' Eyes Only, or HIPAA-Protected, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 1, 2, 5A and 5B.

7.     The designation of materials as Confidential, Attorneys' Eyes Only, or HIPAA-Protected shall not be construed as an admission that such materials are relevant or material to any issues in the Action.

8.     If counsel for a party receiving documents or information designated as Confidential, Attorneys' Eyes Only, or HIPAA-Protected hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)     Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential, Attorneys' Eyes Only, or HIPAA-Protected. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential, Attorneys' Eyes Only,  or HIPAA-Protected designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Section 2 of the Honorable Judge Cynthia M. Rufe's Policies and Procedures, and any scheduling or other applicable order entered by the presiding Judge or Magistrate before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.     All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.1.5..

10.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within fourteen (14) days after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Discovery Confidentiality Order.

121968491_1

11.     When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity, or document prepared in the anticipation of litigation, is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  If the receiving party seeks to challenge the privileged nature of the materials, the receiving party must still return the materials to the producing party but may then file a motion to seek re-production of the materials.

12.     This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

13.     This Confidentiality Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

14.     Upon final conclusion of this Action, and no later than thirty (30) days after the termination of this Action, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source, or to destroy, all originals and unmarked copies of documents and things containing Confidential material, unless such documents or things have been offered into evidence or filed without restrictions as to disclosure.  For the avoidance of doubt, any productions of documents marked Confidential, Attorneys' Eyes Only, or HIPAA-Protected ("Confidential Document Productions") exchanged by the parties, whether stored by a third-party vendor or otherwise, must be returned to the originating source, destroyed or deleted.  Counsel may retain complete copies of their litigation file, including all transcripts and pleadings including any exhibits attached thereto for archival purposes; all correspondence, all materials exchanged between the parties (other than Confidential Document Productions) or filed in the course of litigation, and all attorney work product.  Emails or similar transmissions, and other electronic work product created during the course of the litigation which contain embedded Confidential material ("Confidential ESI") shall be treated as attorney work product.  In no event shall any party be required to search copies of backup files for Confidential material, as long as such backup files are maintained in the normal course. Any retained Confidential materials, including Confidential ESI, shall continue to be subject to the provisions of this Discovery Confidentiality Order.  To the extent a party requests the return of Confidential material from the Court after the final conclusion of the Action, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

    **IT IS SO ORDERED.**


Dated: _____          _____
                               Hon. Cynthia M. Rufe

- 7 -

121968491_1

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF LOUISIANA, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF MONTANA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, STATE OF OKLAHOMA, STATE OF RHODE ISLAND, STATE OF TENNESSEE, STATE OF TEXAS, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, *ex rel.* LENA STURGEON, ANTHONY FERRANTE ANTHONY SCIOLE AND NATHAN NILES, | Civil Action No. 15-6829-CMR |
| Plaintiffs, | |
| v. | |
| PHARMERICA CORPORATION, | |
| Defendant. | |

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I,_____, being duly sworn, state that:

      1.     My address is_____.

- 8 -

2.	My present employer is_____and the address of my present employment is_____.

3.	My present occupation or job description is_____.

4.	I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5.	I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.	I will limit use of Confidential Material disclosed to me solely for purpose of this Action.

7.	No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____	_____
[Name]

121968491_1