## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF LOUISIANA, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF MONTANA, STATE OF NEVADA, STATE OF NEW HAMPSHIRE, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, STATE OF OKLAHOMA, STATE OF RHODE ISLAND, STATE OF TENNESSEE, STATE OF TEXAS, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON, *ex rel.* LENA STURGEON, ANTHONY FERRANTE ANTHONY SCIOLE AND NATHAN NILES,<br><br>v.<br><br>PHARMERICA CORPORATION, PharMerica. | Docket No.: 15-cv-6829 (CMR)<br><br><br>**ORDER OF THE SPECIAL MASTER** |

WHEREAS, the Parties appeared for a conference before the Special Master on July 29, 2021, via Zoom, in advance of which a joint written submission was received from the Realtors Lena Sturgeon, Anthony Sciole, Anthony Ferrante and Nathan Niles ("Realtors") and defendant PharMerica Corp. ("PharMerica");

WHEREAS, the Special Master heard oral argument on seven discovery disputes raised by the Parties involving: (1) discontinued, expired and out-of-refill prescriptions; (2) compliance reports, board resolutions, and meting minutes; (3) LTC400 data confidentiality designations; (4)

PharMerica's response to Interrogatory No. 7; (5)  Millennium Pharmacy related documents; (6) Realtors' statement of material facts to the Government; and (7) Realtors' request for prescription order number ("PON") data;

IT IS HEREBY ORDERED that Realtors' request for information from PharMerica related to discontinued, expired and out-of-refill prescriptions is denied. The First Amended Complaint ("FAC") does not make any particularized allegations as to discontinued, expired and out-of-refill prescriptions. Rather, the Complaint alleges that PharMerica violated the False Claims Act ("FCA") by (1) dispensing brand name drugs in lieu of the generic drugs prescribed, (2) a different form of the drug prescribed, and/or (3) a different dosage of the drug prescribed. To the extent the FAC mentions discontinued drugs it is in reference to Realtors' retaliation claims not violations of the FCA;

IT IS FURTHER ORDERED that PharMerica is to fully respond to Realtors' request for compliance reports, board resolutions, and meting minutes pursuant to the Federal Rules of Civil Procedure. To the extent an issue arises as to the sufficiency of PharMerica's response, the parties may bring the issue to the attention of the Special Master;

IT IS FURTHER ORDERED that PharMerica's LTC400 data confidentiality designations of "Confidential—Attorneys' Eyes Only" shall be overruled to the extent that Realtor, Lena Sturgeon, shall be permitted to view data that does not contain pricing or cost information. To the extent PharMerica's LTC400 data contains pricing or cost information, those specific fields of information shall maintain their "Confidential—Attorneys' Eyes Only" designations;

IT IS FURTHER ORDERED that PharMerica shall fully respond to Realtors' revised Interrogatory No. 7 pursuant to the Federal Rules of Civil Procedure. To the extent an issue

arises as to the sufficiency of PharMerica's response, the parties may bring the issue to the attention of the Special Master;

IT IS FURTHER ORDERED that the parties shall meet and confer to discuss Realtors' proposed compromise regarding Millennium Pharmacy related documents. If the parties are unable to reach an agreement on the issue, the parties shall notify the Special Master;

IT IS FURTHER ORDERED that PharMerica's request for Realtors' statement of material facts, which was submitted to the Government, is denied. The statement of material facts was prepared in anticipation of litigation and submitted to the government pursuant to the FCA for the purpose of allowing the government to determine whether it should intervene in the case. Because the statement of material facts was prepared in anticipation of litigation, it falls within the general protection of the Work Product Doctrine. *See* Fed.R.Civ.P. 26(b)(3); *U.S. ex rel. Hunt v. Merck-Medco Managed Care*, LLC, No. 00-CV-737, 2004 WL 868271, at *2 (E.D. Pa. Apr. 21, 2004). PharMerica has failed to demonstrate substantial need for the statement of material facts to overcome the privilege. The parties are currently engaged in discovery and Realtors have agreed to produce all of the evidence underlying their statement of facts. PharMerica's assertion that it would be exceptionally time consuming and expensive to compile the information contained in the statement of facts through depositions and interrogatories is unavailing;

IT IS FURTHER ORDERED PharMerica shall produce documents responsive to Realtors' request for prescription order number ("PON") data in a timely fashion but no later than the current document discovery deadline of September 20, 2021.

_____
**DENNIS M. CAVANAUGH, U.S.D.J. (Ret.)**
**Special Master**

Date:   July 29, 2021